FILED by ____ KS ____ D.C.

Dec 14, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. **21-20600-CR-WILLIAMS/MCALILEY**

**21 U.S.C. § 963**
**21 U.S.C. § 853**

UNITED STATES OF AMERICA

vs.

**BYRON ORELLANA-VELIZ,**
  **a/k/a "Nito," and**
**MAX MERIDA-MAZARIEGOS,**
  **a/k/a "Henche,"**

     **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

Beginning in or around January 2005, the exact date being unknown to the Grand Jury, and continuing until the date of this Indictment, in the countries of Colombia, Guatemala, Honduras, Costa Rica, Mexico and elsewhere, the defendants,

### BYRON ORELLANA-VELIZ,
#### a/k/a "Nito," and
### MAX MERIDA-MAZARIEGOS,
#### a/k/a "Henche,"

did knowingly and willfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to distribute a controlled substance in Schedule II, intending, knowing and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963.

With respect to **BYRON ORELLANA-VELIZ, a/k/a "Nito,"** and **MAX MERIDA-**

**MAZARIEGOS, a/k/a "Henche,"** the controlled substance involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B).

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants **BYRON ORELLANA-VELIZ, a/k/a "Nito,"** and **MAX MERIDA-MAZARIEGOS, a/k/a "Henche,"** have an interest.

2.      Upon conviction of a violation of Title 21, United States Code, Section 963, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation and any property which the defendant used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

        All pursuant to Title 21, United States Code, Section 853, as made applicable by Title 21, United States Code, Section 970.

A TRUE BILL,

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
WALTER M. NORKIN
ASSISTANT UNITED STATES ATTORNEY

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO._____

v.

BYRON ORELLANA-VELIZ and
MAX MERIDA-MAZARIEGOS,

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

_____ Defendants/

**Court Division:** (Select One)

[✓] Miami   [ ] Key West   [ ] FTL
[ ] WPB   [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants   _____
Total number of counts   _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act,
Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
List language and/or dialect **Spanish**

4. This case will take **3** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

|  | (Check only one) |  |  | (Check only one) |  |
|---|---|---|---|---|---|
| I | 0 to 5 days | [✓] | Petty | | [ ] |
| II | 6 to 10 days | [ ] | Minor | | [ ] |
| III | 11 to 20 days | [ ] | Misdemeanor | | [ ] |
| IV | 21 to 60 days | [ ] | Felony | | [✓] |
| V | 61 days and over | [ ] | | | |

6. Has this case previously been filed in this District Court? (Yes or No) **No**
If yes: Judge _____ Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) **No**
If yes: Magistrate Case No. _____
Related miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the District of _____
Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

WALTER M. NORKIN
Assistant United States Attorney
Court ID No.   A5502189

*Penalty Sheet(s) attached

REV 3/19/21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## <u>PENALTY SHEET</u>

**Defendant's Name**:  BYRON ORELLANA-VELIZ,  a/k/a "Nito,"

**Case No**:

Count #:  1

Conspiracy to distribute five (5) kilograms of cocaine knowing it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

*Max. Penalty:  Life Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## __PENALTY SHEET__

**Defendant's Name**: MAX MERIDA-MAZARIEGOS,  a/k/a "Henche,"

**Case No:**

Count #:  1

Conspiracy to distribute five (5) kilograms of cocaine knowing it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

*Max. Penalty:  Life Imprisonment

\* **Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**